Jesse ROSEBOROUGH, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–9307–CR–00769.

Supreme Court of Indiana.

Dec. 20, 1993.

James F. Stanton, Superior Court of Lake County, Appellate Div., Crown Point, for appellant.

Pamela Carter, Atty. Gen., Geoff Davis, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Murder. He received a sentence of sixty (60) years. The information was filed against appellant on January 17, 1992. The jury trial commenced on February 1, 1993.

The facts are: Appellant and codefendant Clinton Spears were charged with the murder of Danny Gibson. Six (6) months after filing the murder charge the State added a count asking for the death penalty for both defendants. Six (6) months after that Spears entered into a plea agreement in which the death penalty request and the murder charges were dropped. The charges were reduced to assisting a criminal, a Class C felony, for which he received a sentence of four (4) years.

On the evening of January 15, 1992, Danny Gibson drove his automobile to the parking lot of King's Liquors in Gary. The owner of the liquor store heard noises outside and went out and found Gibson on the ground and saw Gibson's car leaving the lot. Gibson had received four gunshot wounds from which he died. Six spent shells were found in the parking lot. All of the bullets taken from the victim's body and the shells had been fired from a .45 caliber Safari Arms automatic which was found by police under the sofa in the home

of Valice Pruitt, a drug dealer who had worked for Spears selling drugs.

Clinton Spears testified that he went to Pruitt's home on January 15, 1992 at approximately 7:30 p.m. Spears went there to pick up money that Pruitt had received for selling drugs for him. When he got there, Pruitt, Patrice Crespo, appellant, and four men from Muncie were there drinking. Appellant talked of stealing a car to get back to Muncie. Spears loaned appellant a .45 automatic for use in stealing a car. Later in the evening appellant left, stating that he was going to his girlfriend's house and on the way he would get a car.

Later Spears went out to clean the snow from his car, and appellant and two other men pulled up in a car which was later determined to have been stolen from Gibson. When Spears questioned appellant, he admitted he had just shot a man. The next morning Spears went to the liquor store to buy liquor and was arrested for the murder of Gibson. Other evidence presented by the State tied Spears and appellant together in the perpetration of the crime with appellant being the triggerman.

Appellant claims the trial court erred in denying his motion for a speedy trial. On October 2, 1992, appellant, by his attorneys, requested the court set the case for early trial. The court denied the request and reaffirmed a prior trial date of January 4, which had been set upon defendant's request for continuance. January 4 was more than 70 days from the date the motion was made; however, this delay was occasioned by appellant's motion for continuance.

On October 21, 1992, appellant reiterated his motion. In denying the motion, the trial judge acknowledged that he had a date available on December 7, 1992 but he could not set it on that date because the codefendant's (Spears) attorney had another trial one week prior to December 7 and pursuant to Ind.Crim.Rule 24, he would not be permitted to try another case that quickly.

Criminal Rule 24 reads in part as follows:

(B)(3) Workload of Appointed Counsel. In the appointment of counsel, the nature and volume of the workload of appointed counsel must be considered to assure that counsel can direct sufficient attention to the defense of a capital case.

(a) Attorneys accepting appointments pursuant to this rule shall provide each client with quality representation in accordance with constitutional and professional standards. Appointed counsel shall not accept workloads which, by reason of their excessive size, interfere with the rendering of quality representation or lead to the breach of professional obligations.

(b) A judge shall not make an appointment of counsel in a capital case without assessing the impact of the appointment on the attorney's workload.

(c) Salaried or contractual public defenders may be appointed as trial counsel in a capital case, if:

(i) the public defender's caseload will not exceed twenty (20) open felony cases while the capital case is pending in the trial court;

(ii) no new cases will be assigned to the public defender within thirty (30) days of the trial setting in the capital case;

(iii) none of the public defender's cases will be set for trial within fifteen (15) days of the trial setting in the capital case; and ...."

■ On September 28, 1992, appellant moved for severance setting out the dilemma of counsel representing his codefendant; however, this became a moot question because of Spears' plea bargain. If we would assume for argument that appellant properly filed a timely motion for speedy trial bringing him within the provisions of Crim.R. 4(B)(1), the right to a trial within the seventy days is not self-executing.

■ In the case at bar, appellant did not make a motion for discharge following the expiration of the seventy days. Thus, the issue was waived. *Buza v. State* (1988), Ind., 529 N.E.2d 334; *Lloyd v. State*

(1983), Ind., 448 N.E.2d 1062. However, in the case at bar, the failure to file such a motion does not indicate neglect on the part of trial counsel. An examination of the record indicates that the original trial setting, within the time allowed, had to be extended in order to afford appellant his constitutional protection to a fair trial as outlined in Crim.R. 24.

Criminal Rule 4(B)(1) provides, *inter alia:*

"[P]rovided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time."

In the case at bar, several things occurred to bring about the necessity for a continuance. Appellant's original public defender counsel was suspended from practice by the Supreme Court; thus, the trial court was required to appoint new counsel for appellant. The appointed counsel indicated to the court that he needed further time to prepare to try a murder case, as required under Crim.R. 24.

As above stated, it also became apparent that codefendant Spears' counsel could not qualify to defend Spears under Crim.R. 24, in view of his assignment to a murder case which would end just prior to the date set for the commencement of appellant's trial. This, of course, became a moot question at the last minute but was a situation which prevailed at the time the trial judge set the final date for the trial.

Counsel's motion for a continuance and the trial court's observations of the situation fully justified, in fact recognized the necessity to continue appellant's trial. To have failed to do so would have impinged the appellant's right to representation by effective counsel and would have placed assigned counsel in a difficult if not an impossible situation.

The primary concern in a situation of this sort is to afford a defendant a fair trial with effective representation. This in fact was accomplished by recognition of the situation by both appointed counsel and the trial court. Thus, it cannot be said that trial counsel in any way performed ineffectively in failing to file a motion for discharge under the 70–day rule. Such motion would have been inappropriate and would have been denied. There was no violation of Crim.R. 4(B)(1).

Appellant contends he should have been discharged because the State failed to try him within one year of his arrest. Article 1, § 12 of the Indiana Constitution guarantees a speedy trial as does Amend. 6 of the Constitution of the United States. The right to a speedy trial is fundamental and its denial is a violation of both the Indiana and the United States Constitutions. *Fryback v. State* (1980), 272 Ind. 660, 400 N.E.2d 1128.

The record shows appellant was arrested on January 22, 1992 and his jury trial commenced on February 1, 1993. As previously set out, both trial counsel representing appellant and the trial court recognized the need for a continuance of the case in order to afford appellant's counsel the opportunity to formulate an adequate defense. The facts of the case warranted extensive pretrial investigation and preparation. Counsel had to examine a forensic report made as a result of the autopsy, twenty-two witnesses were called during the trial, five witnesses were called during the sentencing hearing, and defense counsel filed twenty-two written motions or pleadings.

The trial court clearly was sensitive to appellant's right to a speedy trial and the record indicates every effort was made to balance the right to the speedy trial with the right to effective representation. We see no violation of appellant's rights in commencing his trial shortly after a year had expired after his arrest.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and SULLIVAN, JJ., concur.