**Thomas Eugene DUKES, Jr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 12A05–9502–CR–045.**

Court of Appeals of Indiana.

Feb. 29, 1996.

---

Richard L. Langston, Frankfort, for Appellant.

Pamela Carter, Attorney General, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

SHARPNACK, Chief Justice.

Thomas Eugene Dukes, Jr. appeals his convictions for second degree burglary and theft. Dukes raises eight issues which we consolidate and restate as:

(1) whether the trial court erred when it denied Dukes' motion to dismiss based upon an alleged violation of Ind.Crim.Rule 4(B); and

(2) whether the trial court erred when it imposed a greater sentence on Dukes upon retrial after the post-conviction court vacated his earlier conviction which was based on a guilty plea.

We affirm.

The facts most favorable to the judgment follow. On October 13, 1971, Dukes was charged with one count of second degree burglary and one count of theft. Pursuant to a plea agreement, Dukes pleaded guilty to the theft charge, and the burglary charge was dismissed. On January 10, 1972, the trial court sentenced Dukes to an indeterminate term of one to five years.

On January 20, 1993, Dukes filed a *pro se* motion for post-conviction relief in which he alleged that the guilty plea advisements were not made during the guilty plea hearing. On October 18, 1993, the post-conviction court granted Dukes' petition. The court vacated Dukes' conviction for theft, reinstated both the burglary and theft charges, and reinstated Dukes' plea of not guilty to each charge.

The post-conviction court scheduled a trial for March 22, 1994.

On October 28, 1993, Dukes filed a *pro se* motion for speedy trial. Soon after, Dukes' counsel entered an appearance and requested a jury trial. On March 22, 1994, the trial court, on its own motion, moved the trial date to September 27, 1994, because of court congestion. On February 24, 1994, Dukes filed a *pro se* motion to dismiss alleging that the trial court failed to bring him to trial within seventy days pursuant to his motion for early trial. The trial court's docket entry reveals that no action was taken on this motion. On September 19, 1994, Dukes again filed a motion to dismiss, which was denied the following day. On September 26, 1994, Dukes filed a motion to reconsider, as well as a motion to stay the proceedings. In addition, Dukes filed a request for certification of order for interlocutory appeal. Both motions and the request for certification were denied by the trial court. The trial began on September 27, 1994, and the jury found Dukes guilty of both counts.

## I.

■ The first issue for our review is whether the trial court properly denied Dukes' motion based upon an alleged violation of Ind.Crim.Rule 4(B).[1] Dukes also challenges: (1) the trial court's failure to grant his September 19, 1994, motion to dismiss, (2) the failure of the trial court to rule on Dukes' February 24, 1994, motion to dismiss, and (3) the failure of the trial court to grant Dukes' motion to reconsider. In a separate portion of the brief, Dukes appeals the trial court's denial of his motion to stay the proceedings and the denial of his request for an order of certification for interlocutory appeal. Since the resolution of these issues depends on the same analysis, we will consid-

1. In the brief, Dukes asserts that the court's failure to grant the *pro se* motion to dismiss violated Crim.R. 4(F)(1). However, there is no section 4(F)(1) in the current rule. We assume Dukes intended to argue a violation of Crim.R. 4(B)(1). In addition, he states that failure to grant the motions violated Crim.R. 4(C). While this rule does exist, it is clear that Crim.R. 4(B) provides for the seventy day time period for incarcerated defendants. Crim.R. 4(C) prevents an individual from being held to answer charges for a period of more than one year from the date that the charge is filed. Here, Dukes' trial was brought within one year from the date that the charges were reinstated and accordingly, there has been no violation of Crim.R. 4(C).

er them as part of our discussion of whether the trial court properly denied Dukes' motion to dismiss. The dispositive question for all of these issues is whether Dukes' *pro se* motion for early trial constituted an objection to the set trial date.[2]

■■■ Our criminal rules allow a criminal case to be discharged because of delay. The applicable rule provides as follows:

"(B)(1) Defendant in Jail—Motion for Early Trial. If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. . . . (2) In computing the time . . . each and every day after the filing . . . shall be counted, including every Saturday, every Sunday, and every holiday. . . ."

Crim.R. 4(B). A defendant must object at the earliest opportunity when his trial date is scheduled beyond the limits prescribed by the rule. *Bell v. State*, 622 N.E.2d 450, 454 (Ind.1993); *Hoemig v. State*, 522 N.E.2d 392, 398 (Ind.Ct.App.1988), *reh'g denied.* This requirement is enforced to enable the trial court to reset the trial date within the proper time period. *See Arch v. State*, 269 Ind. 450, 381 N.E.2d 465 (1978); *Saunders v. State*, 562 N.E.2d 729, 735 (Ind.Ct.App.1990), *opinion vacated in part on other grounds*, 584 N.E.2d 1087. Failure to object is regarded as acquiescence in the new trial date and waiver of the right to speedy trial. *Bell*, 622 N.E.2d at 454; *Vance v. State*, 620 N.E.2d 687, 689 (Ind.1993); *Green v. State*, 650 N.E.2d 307, 310 (Ind.Ct.App.1995) (holding that such acquiescence constitutes a complete abandonment of an early trial motion). In such cases, the motion for early trial no

longer has legal validity. *James v. State*, 622 N.E.2d 1303, 1306 (Ind.Ct.App.1993) (quoting *Wilburn v. State*, 442 N.E.2d 1098, 1103 (Ind. 1982)). However, a defendant has no duty to object to the setting of a belated trial date when the act of setting such date occurs after the Crim.R. 4 time limit has expired such that the court cannot reset the trial date within the time allotted by the rule. *Saunders*, 562 N.E.2d at 735.

The facts briefly restated are that Dukes filed a successful motion for post-conviction relief. As a result, on October 18, 1993, the post-conviction court vacated Dukes' conviction on the theft charge, reinstated the charges for theft and burglary, reinstated the not guilty pleas and ordered a new trial on March 22, 1994. On October 28, 1993, Dukes filed his *pro se* motion for early trial. Dukes argues that the filing of his motion for an early trial constituted an objection to the trial date which had been set beyond the seventy day period. Specifically, Dukes suggests that "[t]he mere filing of the motion was an indication he did not acquiesce to the trial date." Appellant's brief, p. 12. The State contends that the "mere filing" of the motion for speedy trial does not constitute an objection. Alternatively, the State maintains that if the motion for speedy trial constitutes an objection, then this objection was not timely. We note that neither party developed an argument or cited to authority. In addition, our own research has revealed no case directly on point. However, today we hold that filing a motion for early trial does not constitute an objection under these circumstances.

Generally, the accused files a motion for early trial soon after being charged. If the trial court then sets the trial date outside of the 70 day period, the 'accused must make a timely objection to the date. This objection serves to alert the trial court that it must reset the trial date within the 70 day period. Here, however, the trial date was already set by the post-conviction relief court when Dukes filed his motion for early trial.

---

**2.** While Dukes' brief alleges five issues related to this argument, we can only discern three of them.

Dukes argues that in his case, we should interpret the filing of his motion for early trial as an objection to the trial date. However, even given the unique procedural posture of this case, we are not persuaded by Dukes' argument that his filing of the motion for an early trial simultaneously constituted an objection. Our reluctance is based primarily on three factors. First, while Dukes' motion for early trial was filed *pro se*, Dukes was appointed counsel on October 18, 1993. Counsel made his appearance on November 2, 1993, which was well within the initial seventy day time period ending on January 6, 1994. Counsel filed motions for discovery during this time and was actively preparing for the trial. Thus, he had an opportunity to file an objection. While we can only speculate that counsel assumed that Dukes' *pro se* motion constituted an objection and therefore, that a formal objection was unnecessary, we believe that a prudent attorney, nonetheless, would have filed an objection to the trial date.

In addition, Dukes' motion for speedy trial did not specifically refer to the assigned trial date. Dukes' motion was clearly labeled a motion for speedy trial and asserted that the criminal rule required Dukes to be tried within seventy days or discharged. However, the motion made no reference to the post-conviction court's assignment for trial on March 22, 1994, and did not identify the day that the seventy day time period would have expired. In fact, the motion contained none of the language that would typically be found in an objection.

■ Finally, Dukes failed to develop a persuasive argument. Instead, his brief makes bald assertions without a thoroughly reasoned and supported argument. We are not obligated to develop the argument for Dukes. Rather, he has the burden of per-

suasion in this matter. *See* Ind.Appellate Rule 8.3. Since he has provided no authority or persuasive argument for his interpretation of the motion for early trial, we find that Dukes fails to meet his burden. Therefore, the trial court did not err in denying his motion to dismiss.[3]

Since we have determined that Dukes did not file an objection to the setting of the trial date outside of the seventy day time period, he is deemed to have acquiesced in that date and his motion for early trial is waived. Moreover, the trial court was authorized to continue the trial due to court congestion. Crim.R. 4(B). If the trial court continues a trial because of court congestion, the court is required only to reduce the continuance to an order and set the case for trial within a "reasonable" time. *Id.* Here, the trial court issued an order to both parties indicating that the case was continued because of court congestion. The court specifically named another case on the docket. Since Dukes has made no assertion that the continuance of September 27, 1994, was not reasonable, we find that the new trial date was set within a reasonable time and that the trial court did not err. Consequently, the trial court did not err in denying Dukes' motion to reconsider.

■ Finally, Dukes argues that the trial court erred in denying his request for certification of order for interlocutory appeal and, accordingly, that the court erred in denying his motion to stay the proceedings. An appeal from an interlocutory order shall be taken by this court if:

"the trial court certifies and the court on appeal or a judge thereof finds on petition that:

(a) The appellant will suffer substantial expense, damage or injury if the order is

---

3. In addition, Dukes argues that the court erred when it did not rule on his *pro se* motion to dismiss filed on February 24, 1994. Without development or citation to the record, Dukes contends that the trial court refused to rule on the motion because it was "repetitive". Appellant's brief, p. 10. We find no evidence to support this interpretation. The docket entries do not indicate that any action was taken on the motion. However, even assuming for argument that the trial court should have ruled on the motion, the error is harmless. Once Dukes failed to object within the 70 day period, his motion for early trial lost all legal validity and, thus, his motion to dismiss had no effect.

erroneous and the determination thereof is withheld until after judgment, or

(b) The order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case, or

(c) The remedy by appeal after judgment is otherwise inadequate. The petition ... shall not stay proceedings in the trial court unless the trial court judge or the court on appeal.... shall so order...."

App.R. 4(B)(6). Certification is a "matter of grace" with the trial court. *Whitewater Valley Canoe Rental Inc. v. Franklin County Comm'rs,* 507 N.E.2d 1001, 1006 (Ind.Ct.App. 1987), *reh'g denied, trans. denied.* It is within the sound discretion of the trial court whether issues in an order will be certified for an appeal as an interlocutory order. *Id.* Dukes argues that the trial court erred because he had a "needless" trial in violation of his constitutional right to a speedy trial. We find that the court did not abuse its discretion in denying certification. However, in light of our holding that Dukes' right to a speedy trial was not violated, any error in the court's refusal to certify was harmless. *See id.* As a result, the trial court did not err in denying the motion to stay the proceedings.

## II.

■ The second issue for our review is whether the trial court erred when it imposed a greater sentence upon his conviction than was originally imposed after he pleaded guilty.

Dukes was originally convicted in 1972. Under a plea agreement, Dukes pleaded guilty to the theft charge, and the State dismissed the burglary charge. Dukes was sentenced to one to five years. When the conviction was vacated by the post-conviction court, the court reinstated the original charges, as well as the not guilty pleas for each charge. Dukes was tried on both charges and was found guilty of both. At sentencing, the court imposed concurrent sentences of two to five years on the burglary charge and one to five years on the theft charge. As the State points out, the sentence imposed on the theft conviction was identical to the sentence initially imposed in 1972. The only difference in the sentences was the additional sentence for the burglary conviction.

Dukes argues that Ind. Post-conviction Rule 1, § 10 prohibits the imposition of a greater sentence upon retrial than the sentence initially imposed. The State asserts that P–C.R. 1, § 10 explicitly allows for the imposition of a greater sentence where the original conviction was based on a plea agreement. The State also relies on I.C. § 35–50–1–5 which authorizes increased sentences. We agree with the State.

■ Dukes relies on the first part of P–C.R. 1, § 10, which prohibits the court from imposing a more severe penalty after retrial than the one originally imposed, except in certain circumstances not relevant here. P–C.R. 1, § 10(a)–(b). However, subsection (c) of the rule provides that these limitations in imposing a more severe penalty do not apply when "a conviction, based upon a plea agreement, is set aside...." Thus, the trial court was not prohibited from imposing a greater sentence. In addition, the purpose of vacating a judgment is to place the parties in the same position that they occupied prior to the judgment. *Brown v. State,* 458 N.E.2d 245, 250 (Ind.Ct.App.1983). Therefore, the trial court was free to impose a sentence on the burglary conviction.

Finally, I.C. § 35–50–1–5 provides that if "prosecution is initiated against a petitioner who has successfully sought relief under any proceedings for postconviction remedy and a conviction is subsequently obtained", the sentencing court is authorized to impose a greater sentence than that originally imposed. I.C. § 35–50–1–5. Our supreme court has held that this statute authorizes greater sentences upon retrial while the post-conviction rules provide the procedural conditions under which such a greater sentence may be imposed. *Linthicum v. State,* 511 N.E.2d 1026,

1029 (Ind.1987). Therefore, the trial court did not err in imposing a greater sentence after Dukes' conviction than that originally imposed pursuant to the plea agreement.

For the foregoing reasons, the judgment of the trial court is affirmed in all respects.

AFFIRMED.

BARTEAU and KIRSCH, JJ., concur.