Kyle E. COLLINS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–0001–CR–60.

Court of Appeals of Indiana.

June 5, 2000.

Patrick R. Ragains, Smith & Ragains, Anderson, Indiana, Attorney for Appellant.

1. IND.CODE § 35–43–4–2.

Karen M. Freeman–Wilson, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAKER, Judge

Appellant-defendant Kyle E. Collins brings this interlocutory appeal of the trial court's denial of his motion for discharge pursuant to Indiana Criminal Rule 4(C). Specifically, Collins argues that he was not tried within one year of being arrested and that the trial court's entry of congestion was improper, as no trial was held and no jury was called.

### FACTS

On October 14, 1998, the State charged Collins with Theft,[1] a Class D felony, and he was subsequently arrested on October 19. The trial court scheduled the matter on June 8, 1999 for a trial by jury on October 13, 1999. However, on October 13, 1999, the trial court reset the trial for May 8, 2000, noting court congestion.

Thereafter, on October 27, Collins filed an objection to the trial date and requested dismissal pursuant to Crim. R. 4(C). Following a hearing, on November 30, the trial court denied the motion for discharge. The trial court then certified the issue for interlocutory appeal and we accepted jurisdiction on February 16, 2000. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution. *Clark v. State,* 659 N.E.2d 548, 551 (Ind.1995). The provisions of Crim. R. 4 help implement this right by establishing time deadlines by which trials must be held. *See id.* at 550. However, this rule also authorizes trial courts to exceed the

deadlines when required to do so by congestion of the court's calendar. *Id.* Further, if a defendant acquiesces in a delay that results in a later trial date, the time limitations are extended by the length of such delays. *Vermillion v. State,* 719 N.E.2d 1201, 1204 (Ind.1999).

■ Crim. R. 4(C) provides in relevant part as follows:

> **(C) Defendant Discharged.** No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar.... Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

Thus, the State has an affirmative duty to bring a defendant to trial within one year unless the defendant is responsible for the delay or the delay is caused by congestion of the court's calendar.

■ Upon appellate review, we presume that a trial court's finding of congestion was valid without any need for contemporaneous explanations or documentation by the trial court. *Clark,* 659 N.E.2d at 552. A defendant may then challenge such finding by filing a motion for discharge and demonstrating that at the time that the trial court made its decision to postpone trial, the finding of congestion was factually or legally inaccurate. *Id.* Such proof is prima facie adequate

for discharge, absent further findings by the trial court explaining the congestion and justifying the continuance. *Id.* We accord reasonable deference to the trial court's explanations, and a defendant must establish his right to relief by showing that the trial court's finding of congestion was clearly erroneous. *Id.*

■ Here, Collins contends that there was in fact no court congestion on Wednesday October 13, 1999, the date on which his trial was set to begin. At the hearing on the motion for discharge, Collins presented testimony of the court reporter for Madison County Court I, Cindy Parrish. She testified that while no jury trial was held on October 13, 1999 and no jurors were summoned to appear, the calendar of cases scheduled for that day included five trials, with the first choice setting being a speedy trial and Collins' case being the fifth setting. Record at 47.

Approximately one week before the scheduled trial, the trial court had an informal discussion with the deputy prosecutor and Collins' attorney. During the conversation, defense counsel asked if the Collins matter would actually be heard on October 13. According to an affidavit filed by the deputy prosecutor, he and the trial court informed her that it was unlikely because a speedy trial was likely to be heard on that day. Following this discussion, the trial court informed Parrish that the Collins case was going off the calendar. In response to questioning from the trial court, Parrish recounted her understanding of the discussion as follows:

> Uh, I wasn't in the courtroom but I remember seeing Ms. Clark [defense attorney] and Mr. Happe [deputy prosecutor] and you guys talking. When we started court that day, you had said that, uh, that case would be going off because Ms. Clark needed to know today if she was going or not so she could be prepared and at that time we had the speedy trial set and we said it was unlikely that she would be going and ... it

was my assumption that when everybody left here today we knew Kyle Collins wasn't going October 13th because we couldn't give her a commitment that she definitely would be going that day.

R. at 53. Moreover, the trial court explained at the conclusion of the hearing that "the fact of the matter is the understanding between the parties that it wasn't going to trial on the 13th." R. at 56.

While Collins was the fifth setting at the time defense counsel made her inquiry, the anticipated speedy trial did not in fact take place on October 13 because the defendant plead guilty in the afternoon on October 11. Further, the second setting did not result in a trial, as the defendant appeared pro se and requested a continuance to retain counsel, which was granted. The third and fourth settings were apparently called off at some point because of the anticipated speedy trial. Finally, we observe that Collins and his counsel did not appear for trial on October 13 and, while Collins asserts to the contrary, there is no evidence that defense counsel even contacted the court on October 13 to determine whether Collins' trial would be held that day.[2]

In light of this evidence, we find that the court's calendar was clearly congested at the time defense counsel made her inquiry to determine whether she needed to prepare for Collins' trial scheduled the following week. At that time, only one week before trial, his case was the fifth setting with, most notably, a speedy trial set for the same day. Further, the record reveals that the understanding between the court and the parties was that Collins' trial was not going to be held on October 13 due to court congestion and, therefore, defense counsel need not be prepared for trial on that date.

Recognizing the reality and necessity of multiple settings,[3] we hold that Collins acquiesced in the continuance and finding of congestion one week before trial through his counsel's inquiry and failure to object. Were we to hold otherwise, the cost of representation would necessarily escalate. Specifically, we observe that such a ruling would require all defendants, often represented by public defenders, to be prepared for trial despite the unlikelihood of the trial actually being held on that date. While in the instant case the court's calendar was not in fact congested on October 13, the court was in effect asked by defense counsel one week before trial to

---

**2.** The following statement in Collins' brief seriously misstates the record: "Parrish recalled Collins' attorney, Ms. Clark calling on the 13th to inquire what the status of Collins' jury trial was that morning [R. 49]." Appellant's Brief at 4. However, the transcript of the hearing reveals the following colloquy:

> [Defense Counsel]: Do you recall having any conversation with me on the 13th?
> [Parrish]: No, I don't.
> [Defense Counsel]: Do you recall a conversation with me regarding the trial date and whether it was going to go or not go from time to time?
> [Parrish]: On that day or . . .
> [Defense Counsel]: Just in general.
> [Parrish]: Yes.
> [Defense Counsel]: Trying to find out what was going on . . . .
> [Parrish]: Yes, I do.
> [Defense Counsel]: . . . in the case? Okay.

R. at 49–50. Thus, Parrish did not recall a conversation with counsel on the morning of October 13. Rather, it is apparent that she

simply recalled in general speaking to counsel about the trial sometime prior to that date.

**3.** We acknowledge that multiple settings are not ideal, as they often result in the assignment of a trial date with little meaning. Nevertheless, multiple settings are necessary for judicial efficiency in light of the fact that most criminal charges, despite being scheduled for trial, do not actually conclude in a trial. *See* DIVISION OF STATE COURT ADMINISTRATION, 1998 INDIANA JUDICIAL REPORT 55–67 (extrapolated information from this report reveals that less than 8% of criminal cases (including felony, class D felony, misdemeanor and miscellaneous categories) were disposed of with a trial, while nearly 55% were disposed of by guilty plea or admission and over 32% were dismissed). The only alternative to multiple settings would appear to be the establishment of additional courts. While expenditure of these additional resources could make each scheduled trial meaningful, it would also result in a plethora of empty courtrooms.

make its final determination of whether the calendar was congested. At that point in time, the court's calendar was congested. Therefore, the trial court's finding of congestion was not clearly erroneous, and Collins is not entitled to discharge.

Judgment affirmed and cause remanded.

RILEY, J., and KIRSCH, J., concur.