STATE of Indiana, Appellant–Plaintiff,

v.

Matthew POWELL, Appellee–Defendant.

No. 21A01–0101–CR–4.

Court of Appeals of Indiana.

Sept. 14, 2001.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Thomas M. Thompson, Smith & Thompson, Connersville, IN, Attorney for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

The State appeals the trial court's grant of Matthew Powell's motion for discharge pursuant to Indiana Criminal Rule 4(C).

We reverse.

### ISSUE

Whether the trial court erroneously granted Powell's motion.

## FACTS

On August 19, 1998, the State charged Powell with operating a vehicle while intoxicated, with a previous conviction, and operating a vehicle with .10% of alcohol by weight in his blood. On August 25, 1998, Powell asked that his initial hearing be continued, and he was advised it would be reset for September 2, 1998. On September 2, Powell failed to appear, and a warrant was issued for his arrest. On September 10, he was arrested. On September 23, 1998, the initial hearing was held; Powell indicated his intention to retain counsel; and the trial court entered a not guilty plea for Powell and set a trial date of December 14, 1998. On December 2, 1998, Powell moved that the December 14 trial date be continued, and it was reset for March 29, 1999. On January 6, 1999, the trial court conducted an indigency hearing, appointed counsel for Powell, and set trial for April 19, 1999. Before that date, on April 6, 1999, Powell's counsel requested a continuance "for the reason that additional time is needed to negotiate with the state." (R. 42). The docket reflects no ruling thereon, and no trial took place on April 19, 1999.

On January 24, 2000, the State filed a motion requesting that a trial date be set. Subsequently, the State filed a praecipe for withdrawal of jurisdiction and transfer to the Indiana Supreme Court pursuant to Trial Rule 53.1(A).[1] On June 7, 2000, the trial court received the supreme court's order withdrawing the case from the original trial judge and appointing a special judge. The special judge met with the parties on June 14, 2000, at which time Powell indicated that he would be filing a motion for discharge. On June 30, 2000, Powell filed his motion for discharge pursuant to Criminal Rule 4(C), which prescribes a one-year period within which a criminal defendant must be brought to trial. On July 10, 2000, the special judge granted Powell's motion.

## DECISION

The State argues that the trial court erred when it granted Powell's motion for discharge because less than one year chargeable to the State had passed when Powell filed his motion for discharge pursuant to Criminal Rule 4(C). We agree.

 "The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution." *Clark v. State,* 659 N.E.2d 548, 551 (Ind.1995). "[T]he provisions of Indiana Criminal Rule 4 implement the defendant's speedy trial right" by "expressly requir[ing] that a defendant be discharged if not brought to trial within certain prescribed time limits." *Id.*

 Criminal Rule 4(C) provides as follows:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calen-

---

1. T.R. 53.1(A) provides as follows:
 **Time limitation for ruling.** In the event a court fails for thirty (30) days to set a motion for hearing or fails to rule on a motion within thirty (30) days after it was heard or thirty (30) days after it was filed, if no hearing is required, upon application by an interested party, the submission of the cause may be withdrawn from the trial judge and transferred to the Supreme Court for the appointment of a special judge.

dar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

Whether a particular delay in bringing a defendant to trial violates the speedy trial guarantee is a determination that "largely depends on the specific circumstances of the case." *Wheeler v. State,* 662 N.E.2d 192, 193 (Ind.Ct.App.1996).

■ When a defendant seeks or acquiesces in a delay, the time limitations set by Criminal Rule 4 are extended by the length of the delay. *See Vermillion v. State,* 719 N.E.2d 1201, 1204 (Ind.1999). Moreover, "[w]hen a defendant requests an indefinite continuance and later becomes dissatisfied that his trial has not been reset, he must take some affirmative action to notify the court that he now desires to go to trial to reinstate the running of the time period." *Wheeler,* 662 N.E.2d at 194. Absent such notification, the subsequent delay is attributable to the defendant. *Id.*

■ We will not engage in counting the time chargeable to the State or that chargeable to Powell because he "caused delay" under the Rule [2] because our analysis turns on the effect of his last request for a continuance in April of 1999. It is undisputed, and Powell does not argue, that it was Powell's motion for a continuance that resulted in the initial scheduled trial of December 14, 1998, not taking place. Even if we were to hold, which we do not, that Powell had caused no delay during the eight months between his being charged and his seeking the continuance in April of 1999, when we consider how the fifteen months between that request for a continuance and his motion for discharge should properly be characterized, we would not grant him a discharge.

■ We hold that the April 1999 request by Powell was for an indefinite continuance. As in *Wheeler,* Powell "did not indicate a specific length of delay" that he sought, 662 N.E.2d at 194, but rather Powell stated that "additional time [was] needed to negotiate with the state." (R. 42). This constitutes a motion "for an indefinite continuance." 662 N.E.2d at 194. "When a defendant requests an indefinite continuance and later becomes dissatisfied that his trial has not been reset, he must take some affirmative action to notify the court that he now desires to go to trial to reinstate the running of the time period." *Id.* As in *Wheeler,* Powell never did take any affirmative action to express dissatisfaction with his previous request for the delay. Powell never did indicate that he desired to go to trial or that his negotiations with the State had ended. Therefore, the entire time period after Powell's indefinite continuance request was a delay "caused by" Powell, and his motion to discharge was premature.

Powell argues that delay connected to the trial date that "came and went with no reference in the record as to why the trial was not held" should not be charged to him. Powell's Brief at 6. Presumably, the

---

**2.** For the purposes of a motion to dismiss under Criminal Rule 4(C), the relevant inquiry is whether the defendant caused a delay in trial. *State v. Hurst,* 688 N.E.2d 402, 407 (Ind.1996).

reference is to the final trial date that was set for April 19, 1999, since it is undisputed that he requested a continuance of his December 14, 1998 trial date. However, it appears from the record that it was Powell's April request for a continuance that resulted in trial not being held as scheduled on April 19, 1999. He cites *State v. Smith*, 495 N.E.2d 539 (Ind.Ct.App.1986), but we fail to see its application here. In *Smith*, nothing in the record or in the court's docket entries reflected the assertion by the State that a certain period of time should not be charged to it because the time had been consumed by plea negotiations. It was "in this factual vacuum" that the State was "held responsible for its failure to schedule a timely trial." 495 N.E.2d at 541. He further cites *Butts v. State*, 545 N.E.2d 1120 (Ind.Ct.App.1989), for the proposition that "at most" he could only be "charged with the thirty (30) days after filing his Motion to Continue." Powell's Brief at 6. In *Butts*, defendant's motion on the date of trial was for a trial by jury, in response to which the docket indicated "pending ruling." 545 N.E.2d at 1124. We noted that trial "could not have proceeded on this date since the defendant did not file" his motion for a jury trial until the day of trial, and the trial court "neglected to reset a trial date." *Id.* The critical distinction is that in *Butts*, the defendant in no way indicated that he did not want to proceed with trial, and a jury trial could have been set immediately. Here, Powell's motion expressly indicated that he did not want to proceed to trial and that he wanted an unspecified amount of additional time to "negotiate with the state." (R. 42). Moreover, his desire in that regard was for an indefinite period of time.

Because Powell's motion for an indefinite continuance further "caused delay" from April of 1999 until the time he filed his motion for discharge, the State's one-year period in which to try Powell had not yet run. Therefore, Powell's motion was premature, and it should have been denied.

We reverse.

MATHIAS, J., and VAIDIK, J., concur.