Richard L. YOUNG, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 54A01–0109–CR–333.

Court of Appeals of Indiana.

March 28, 2002.

Jim Bowlin, Crawfordsville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

After a jury trial, Richard L. Young was convicted of battery with a deadly weapon,[1] a Class C felony, intimidation,[2] a Class D felony, and battery,[3] a Class A misdemeanor. Young now appeals his convictions, contending that the trial court erred in denying his motion for discharge pursuant to Indiana Criminal Rule 4(C).

We reverse.

## FACTS AND PROCEDURAL HISTORY

On September 11, 1997, the State filed an information against Young charging him with battery with a deadly weapon, intimidation, and battery. On September 15, 1997, the trial court issued a bench warrant for Young's arrest. On December 22, 1999, Young was served with the bench warrant.[4]

On December 31, 1999, the trial court held an initial hearing. That same date, the trial court set an omnibus hearing for

1. *See* IC 35–42–2–1.

2. *See* IC 35–45–2–1.

3. *See* IC 35–42–2–1.

4. We note that the bench warrant indicates that it was received by the court on December

23, 1999. The handwritten notation on the warrant denotes that the sheriff served the warrant to Young on December 22, 1999 and is signed by a person whom we assume was the serving officer. Therefore, we will use the December 22, 1999 date for purposes of Criminal Rule 4.

February 14, 2000. On January 5, 2000, Young's court-appointed attorney filed an appearance with the trial court. On February 14, 2000, the date of the omnibus hearing, the trial court set Young's case for a jury trial on April 4, 2000. Young's trial did not commence on April 4, 2000, and there is no docket entry explaining why Young was not brought to trial on that date.

On April 6, 2000, the State filed a motion to reset the trial date. The court rescheduled Young's trial for June 13, 2000. However, Young's trial did not commence on June 13, 2000, and again there is no docket entry explaining why trial did not commence on that date.

On January 5, 2001, the State filed a praecipe with the trial court requesting that the matter be reset for jury trial. That same day, the trial court reset Young's trial for March 6, 2001. On February 22, 2001, Young filed a motion for discharge pursuant to Criminal Rule 4(C). Following a hearing, the trial court denied Young's motion for discharge on February 27, 2001.

On February 27, 2001, Young's counsel filed a motion to withdraw, which the trial court granted. On March 2, 2001, the trial court appointed Young new counsel. On March 5, 2001, Young filed a motion to continue that was later granted. Young's jury trial commenced on May 1, 2001. The jury found Young guilty of the charged offenses. He now appeals.

## DISCUSSION AND DECISION

Young contends that the trial court erred in denying his motion for discharge pursuant to Criminal Rule 4(C). He ar-

gues that he had no affirmative duty to ensure that he was brought to trial within one year and that he should not be charged with any delay prior to his trial date being set. He further claims that the State's April 6, 2000 motion to reset trial date failed to comply with the requirements of Criminal Rule 4 and that the trial court did not make a finding of congestion that complied with the requirements of Criminal Rule 4.

The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution. *Collins v. State,* 730 N.E.2d 181, 182 (Ind.Ct.App.2000). The provisions of Indiana Criminal Rule 4 implement the defendant's speedy trial right by establishing time deadlines by which trials must be held. *Id.*

Indiana Criminal Rule 4(C) provides as follows:

"No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) [5] of this rule. Provided further,

---

**5.** Indiana Criminal Rule 4(A) provides that: "No defendant shall be detained in jail on a charge, without a trial, for a period in aggregate embracing more than six (6) months from the date the criminal charge

against such defendant is filed, or from the date of his arrest on such charge (whichever is later); except where a continuance was had on his motion, or the delay was caused by his act, or where there was not

that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged."

Ind.Crim. Rule 4(C) (footnote added).

■ The duty to bring the defendant to trial within one year is an affirmative one which rests with the State. *Ritchison v. State*, 708 N.E.2d 604, 606 (Ind.Ct.App. 1999), *trans. denied; Staples v. State*, 553 N.E.2d 141, 143 (Ind.Ct.App.1990), *trans. denied.* Criminal Rule 4 authorizes trial courts to exceed the deadlines when required to do so by congestion of the court's calendar. *Collins*, 730 N.E.2d at 182–83. Further, if a defendant seeks or acquiesces in a delay that results in a later trial date, the time limitation is extended by the length of such delay. *Vermillion v. State*, 719 N.E.2d 1201, 1204 (Ind.1999); *id.*

■ Upon appellate review, a trial court's finding of court congestion will be presumed to be valid and need not be contemporaneously explained or documented by the trial court. *James v. State*, 716 N.E.2d 935, 939 (Ind.1999) (citing *Clark v. State*, 659 N.E.2d 548, 552 (Ind. 1995)). However, a defendant may over-

come this presumption by demonstrating that the finding of congestion was factually or legally inaccurate. *Id.* Such proof establishes a prima facie case adequate for discharge unless the trial court sets forth an explanation for congestion. *Id.* If the trial court provides further findings that explain the congestion and justify the delay, the appellate court will give reasonable deference to the trial court's explanation. *Id.* The burden then shifts back to the defendant to establish that he is entitled to discharge by showing that the trial court was clearly erroneous. *Id.*

■ When a continuance is ordered because of court congestion, the determination of congestion and the continuance of trial must occur before the expiration of the applicable time limitation. *Huffman v. State*, 502 N.E.2d 906, 908 (Ind.1987). In addition, criminal cases must be given preference by the trial court over pending civil cases in determining whether court congestion exists. *Gill v. State*, 267 Ind. 160, 165, 368 N.E.2d 1159, 1161–62 (1977). When court congestion results in the continuance of a trial, the continuance must be for a reasonable time. *See* Crim. R. 4. The trial judge's determination of a reasonable delay is reviewed under an abuse of discretion standard. *Loyd v. State*, 272 Ind. 404, 409, 398 N.E.2d 1260, 1265 (1980), *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105 (1980).

sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall make such statement in a motion for continuance not later than ten (10) days prior to the date set for trial, or if such motion is filed less than ten (10) days prior to trial, the prosecuting attorney shall show additionally that the delay in filing the motion was not the fault of the prosecutor. Provided further, that a trial court may take note of congestion or an emergency without

the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so detained shall be released on his own recognizance at the conclusion of the six-month period aforesaid and may be held to answer a criminal charge against him within the limitations provided for in subsection (C) of this rule."

■ Here, the one-year period of Criminal Rule 4(C) began to run when Young was served with the bench warrant on December 22, 1999. Young's trial was originally scheduled for April 4, 2000. The CCS reveals that the trial court reset Young's trial date for June 13, 2000. However, the record does not contain an order by the court explaining why Young's trial did not commence on April 4, 2000, nor does the CCS provide any insight as to why the case was reset. In addition, there is no evidence that the State or Young filed a motion to continue prior to April 4, 2000.

We find that the State did not comply with the requirements of Criminal Rule 4. Pursuant to Criminal Rule 4(A) and (C), the State may seek a continuance due to a congested court calendar if it makes such a motion not later than ten days prior to the date set for trial. If the motion is filed less than ten days prior to trial, the State must show that the delay in filing the motion was not the fault of the prosecutor. Crim. R. 4(A) and (C). Thus, an affirmative duty is placed on the State by our criminal rules to timely file a motion when seeking to continue a criminal trial due to court congestion.

The State points to its April 6, 2000 motion requesting that the trial court reset Young's trial date, which provided in part:

"Comes now the State of Indiana ... and respectfully requests the Court to reset [Young's trial] which was not heard on April 4, 2000, due to the congested court calendar and the trial of *State of Indiana v. Glen Grady,* Cause Number 54C01–9908–CF00076."

*Appellee's Appendix* at 1. The CCS reveals that after receiving this motion, the trial court reset Young's trial date. However, this motion does not conform to any of the requirements of the rule. The motion was not denominated a motion for continuance; it was not made at least ten days prior to the trial date, but was actually made *after* the date the trial was scheduled; and finally, it does not contain a statement that the tardiness in filing was not the result of the prosecutor. Accordingly, we find that the State's motion was inadequate to comply with Criminal Rule 4(A) and (C).

Criminal Rule 4(A) and (C) also provide that "a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance." Criminal Rule 4 vests a trial court with such discretion because of the fast paced and hectic nature of trial courts and the inability of the State in certain circumstances to timely file a motion to continue. Often, several criminal court trials will be scheduled on the same day and the State will not know until the day of trial which cases will end in a plea agreement and which cases will proceed to trial. In such circumstances, the State obviously will not have the opportunity to file a timely written motion for a continuance of a criminal case. Thus, the trial court's "taking note" of a congested calendar expedites the case to the next trial date and prevents dismissal of the case for procedural deficiencies.

■ However, the trial court is not without constraints when continuing a criminal case by "taking note" of court congestion. Criminal Rule 4 imposes certain requirements when a trial court, without a proper and timely motion, continues a trial date sua sponte because of court congestion. Criminal Rule 4(A) and (C) provide that "[a]ny continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time." Crim. R. 4(A) and(C). Thus, a written order is generally a prerequisite for the tolling of the Criminal Rule 4 timetable in a criminal case that

has been continued by the trial court "taking note" of court congestion.[6]

In the present case, the trial court failed to issue an order and the docket is silent as to why Young's trial did not commence on April 4, 2000. Therefore, the time period from December 22, 1999 to June 13, 2000 is fully chargeable against the Criminal Rule 4(C) one-year time limitation.[7]

Although Young's trial date was reset by the trial court for June 13, 2000, he was not tried on that date either. There is no evidence in the record that the State or Young filed a timely motion to continue the June 13, 2000 trial date. Moreover, the record does not contain an order by the trial court, and the CCS is silent as to why Young's trial did not commence on that date. In addition, the State did not move that Young's criminal case go forward until January 5, 2001, when it filed a praecipe with the trial court requesting that Young's case be reset for jury trial. Young's case essentially sat dormant for more than seven months without explanation. In *Morrison v. State*, 555 N.E.2d 458, 461 (Ind.1990), our supreme court explained that reviewing courts may not attribute any delays in proceeding to trial to the defendant where the record is void regarding the reason for the delay. It held that where docket entries are absent or missing regarding the reason for a de-

lay, the delay is not chargeable to the defendant. *Id. See also Schwartz v. State*, 708 N.E.2d 34, 37 (Ind.Ct.App.1999) (where record is silent concerning the reason for delay, delay is not attributable to defendant); *Staples*, 553 N.E.2d at 143–44 (defendant will not be charged with delay when record does not explain why he was not tried on date set).

Therefore, the time period from June 13, 2000, to the date the case was reset for trial, March 6, 2001, a period of 266 days, is also chargeable to the State and counted against Criminal Rule 4(C)'s one-year time limitation.

The State urges us to consider this case not in the "factual vacuum" created by the absence of CCS entries, but to look to other information developed at the hearing concerning the reasons for the delay, citing *State v. Powell*, 755 N.E.2d 222 (Ind.Ct. App.2001), *trans. denied*. However, *Powell* is readily distinguishable. In *Powell*, the parties disputed to whom a delay was attributable. The CCS was silent as to the reason for a continuance, however, the record reflected the defendant's prior request for an indefinite continuance to engage in plea negotiations. *Id.*

Here, by contrast, the record is devoid of any indication that Young requested a

---

**6.** Although not required by our criminal rules, we encourage trial courts to also note in the CCS or docket the reason why a criminal case is continued. We have previously stated that a trial court speaks through its docket which makes it necessary for the trial court to make a docket entry as to why a defendant's trial cannot be conducted on the date set. *Staples*, 553 N.E.2d at 143. By noting in the CCS or docket the reason why a criminal trial is continued, a trial court not only furthers the goal of proper case management but also facilitates later appellate review. Further, because the CCS is a means for attorneys to view the progression of a criminal case and applicable dates, it would seem better prac-

tice for such notations to be made in the CCS or docket so that both the State and criminal defense attorneys would have an easier means of calculating the Criminal Rule 4 timetable as applied to the facts and circumstances of each case.

**7.** Even if we were to hold that the State complied with Criminal Rule 4 in continuing the cause from April 4, 2000 to June 13, 2000, Young would still be entitled to discharge. This tolling period of seventy days would extend the one-year period to March 2, 2001. The trial court set Young's trial beyond even this date.

continuance. The prosecutor testified at the hearing on Young's motion for discharge that based on a conversation with Young's counsel, he had an expectation that a motion for continuance would be forthcoming. Be that as it may, Young never moved to continue the matter, and even in the absence of any such motion, the State and the trial court allowed this case to languish for over seven months. Even if we considered the surrounding circumstances, as the State urges, we would find this delay chargeable to the State.

The right to a speedy trial under Criminal Rule 4 is not a self-executing right, and a defendant must therefore move for a discharge or the right will be waived. *Roseborough v. State*, 625 N.E.2d 1223, 1224–25 (Ind.1993). However, a defendant does not have a duty to object to an improperly scheduled trial if the trial date was set by the court after the time period of Criminal Rule 4. *Morrison*, 555 N.E.2d at 462–63. In such an instance, the defendant may simply move for discharge after the expiration of the time limitation of Criminal Rule 4 without making an objection to the scheduled trial date. *Id.*

The State was obligated to bring Young to trial by December 22, 2000. On January 5, 2001, the trial court reset the case for trial on March 6, 2001. Thus, the one-year period had expired when the trial court acted to reset the case. Because a defendant has no duty to object to the setting of a belated trial date when the setting of the date occurs after the time expires such that the court cannot reset the trial within the time allotted by Criminal Rule 4(C), *Wheeler v. State*, 662 N.E.2d 192, 195 n. 1 (Ind.Ct.App.1996), Young was not required to object. Instead, he needed only to move for discharge, which he did.

The dissent finds that Young waived his right to discharge by not objecting to the trial date at the "earliest opportunity" so that the trial court could reschedule the trial to comply with Criminal Rule 4. Op. at 681 (Robb, J., dissenting) (citing *Little v. State*, 275 Ind. 78, 415 N.E.2d 44 (Ind. 1981)). We recognize a line of cases that employ this phrase in describing the defendant's obligation to object. *See, e.g., Randall v. State*, 474 N.E.2d 76, 84 (Ind. 1985); *Sumner v. State*, 453 N.E.2d 203, 207 (Ind.1983); *Heflin v. State*, 267 Ind. 427, 430, 370 N.E.2d 895, 897 (1977); *Johnson v. State*, 708 N.E.2d 912, 915 (Ind. Ct.App.1999), *trans. denied; Dukes v. State*, 661 N.E.2d 1263, 1266 (Ind.Ct.App. 1996). Other cases state merely that once a trial court sets a trial date outside the one year period, the defendant must alert the court and file a timely objection. *Schwartz*, 708 N.E.2d at 36; *Wheeler*, 662 N.E.2d at 194. All of the cases seem to agree that the purpose of the objection requirement is to permit the trial court to set the trial for a new date within the proper period. *See, e.g., Randall*, 474 N.E.2d at 84; *Johnson*, 708 N.E.2d at 915; *Dukes*, 661 N.E.2d at 1266. In *Brown v. State*, 725 N.E.2d 823, 825 (Ind.2000), our supreme court explained:

"[T]he requirement that a defendant object to a trial date set after a Criminal Rule 4 deadline and move for discharge facilitates compliance by trial courts with the speedy trial requirement. The objective of the rule is to move cases along and to provide the defendant with a timely trial, not to create a mechanism to avoid trial. Accordingly, if the time period provided by the rule has not expired and a trial date is set for a date beyond that period, a timely objection must be made."

*Id.* If a defendant fails to object to a trial set outside the prescribed one-year period, he is deemed to have acquiesced to the

belated trial date. *Randall,* 474 N.E.2d at 84; *Schwartz,* 708 N.E.2d at 36; *Johnson,* 708 N.E.2d at 915; *Dukes,* 661 N.E.2d at 1266.

Here, we agree that Young did not object to the trial setting at the earliest opportunity. As previously stated, however, Young had no obligation to object when the one-year period set out in Criminal Rule 4(C) had already expired.

Reversed.

SULLIVAN, J., concurs.

ROBB, J., dissents with separate opinion.

ROBB, Judge, dissents with opinion.

I respectfully dissent from the majority's conclusion that the trial court erred in denying Young's motion to discharge made pursuant to Criminal Rule 4(C).

I believe that the time period from December 22, 1999, to June 13, 2000, is not chargeable against the Criminal Rule 4(C) one-year time limitation. Criminal Rule 4(A) and (C) provide that "a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance." It is apparent from the record that the trial court continued Young's criminal case by "taking note" of court congestion. However, the trial court failed to adhere to the prerequisite for the tolling of the Criminal Rule 4 timetable in a criminal case which has been continued by the trial court "taking note" of court congestion. Criminal Rule 4(A) and (C) further provide that "[a]ny continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time." In the present case, the trial court failed to issue an order and the docket is silent as to why Young's trial did not commence on April 4, 2000.

However, I believe that the facts and circumstances support the finding that the trial court adhered to the mandates of Criminal Rule 4. The State's April 6, 2000, motion references the fact that the trial court calendar was congested on April 4, 2000, and that said congestion was the result of a different trial commencing on that date. *See* Appellee's Appendix at 1. On the date the State filed the motion to reset, the CCS indicates that the trial court reset Young's criminal trial for June 13, 2000. I have no doubt that the trial court relied upon the State's motion when resetting Young' criminal trial for June 13, 2000. It follows that Young's trial did not commence on April 4, 2000, because of court congestion as referenced in the State's motion. Therefore, I find that the substance of the State's motion was essentially "adopted" by the trial court when it continued Young's criminal trial. This inference coupled with the CCS entry noting that the trial court reset Young's trial for June 13, 2000, leads me to the conclusion that the trial court complied with the requirements of Criminal Rule 4 when continuing Young's trial by "taking note" of court congestion. Therefore, I believe that the Criminal Rule 4 timetable for bringing Young to trial was tolled for the period from April 4, 2000, to June 13, 2000, a total of seventy days.[8]

8. Although I believe the facts and circumstances of the present case support the inference that the trial court essentially "adopted" the substance of the State's motion to reset when continuing Young's trial, I do not condone this practice and strongly encourage a trial court to enter its own order when continuing a criminal trial by "taking note" of court congestion. Because of the simple nature of such court orders, I do not deem such a requirement that a court enter an order explaining the reason for continuing a criminal trial unduly oppressive. A trial court's strict adherence to the procedural dictates of

I agree with the majority opinion that the time period from June 13, 2000, to the date the case was reset for trial, March 6, 2001, a period of 266 days, is chargeable to the State and counted against Criminal Rule 4(C)'s one-year time limitation. Because I believe that the period from April 4, 2000, to June 13, 2000, was tolled, the March 6, 2001, trial setting was five days outside the one-year period of Criminal Rule 4(C). Young filed with the trial court his motion to discharge on February 22, 2001. Following a hearing, the trial court denied Young's motion. Although Young filed the motion to discharge within the "technical" time period of Criminal Rule 4(C), I believe that he waived his right to discharge under this rule because he did not object to the trial date at the "earliest opportunity."

In order to hamper and discourage the practice by defense attorneys of waiting until last minute to file a motion to discharge, the Indiana Supreme Court has provided that:

> It is well settled that a defendant is not required to take affirmative action to obtain a trial date within the period set by [Criminal Rule 4(C)]. However, when, prior to the expiration of the period set by the rule, the court sets a trial date which is beyond that period and the defendant is or should be aware that the setting is beyond that period, it is his obligation to object at the earliest opportunity so that the court can reset the trial for a date within the proper period. If the defendant sits idly by at a time when the court could yet grant him a trial within the proper period and permits the court, without objection, to set a date beyond that period, he will be

deemed to have acquiesced therein. By failing to object at the earliest opportunity, defendant waived his right to be discharged under [Criminal Rule 4(C)].

*Little v. State,* 275 Ind. 78, 415 N.E.2d 44, 46 (Ind.1981) (citations omitted). Thus, a defendant is required to object to a trial date that is set beyond the applicable time limitation and the objection must be made at the "earliest opportunity" in order that the trial court may reschedule the trial within the applicable time period of Criminal Rule 4. *Id; see also Utterback v. State,* 261 Ind. 685, 310 N.E.2d 552, 554 (1974) (defendant must call the improper trial date to the court's attention "in time to permit a correction"); *Rhoton v. State,* 575 N.E.2d 1006, 1010–11 (Ind.Ct.App.1991), *trans. denied.*

The trial court reset Young's criminal trial on January 5, 2001. Young waited until February 22, 2001, or forty-eight days, before he filed with the trial court his motion to discharge. The date he filed the motion to discharge was only five working days from the expiration of the one-year period under Criminal Rule 4(C). Therefore, I believe that Young failed to object at the "earliest opportunity" and thus, waived his right to discharge under Criminal Rule 4(C). Accordingly, I would hold that the trial court properly denied Young's motion to discharge.

Criminal Rule 4 in granting a continuance will help prevent future problems at both the trial and appellate level. Nonetheless, under the facts and circumstances of this case, I believe find that the Criminal Rule 4 timetable for bringing Young to trial was tolled for the period from April 4, 2000, to June 13, 2000.