## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 05 2017, 7:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joel C. Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Luke Paul Eckrich,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 5, 2017

Court of Appeals Case No.
84A01-1610-CR-2343

Appeal from the Vigo Superior Court

The Honorable Michael J. Lewis, Judge

Trial Court Cause No.
84D06-1511-F6-2893

**Bailey, Judge.**

# Case Summary

[1] Following a bench trial, Luke Paul Eckrich ("Eckrich") was convicted of Possession of Child Pornography, as a Level 6 felony,[1] and the charge was enhanced because Eckrich was found to be a repeat sexual offender.[2] Eckrich now challenges the sufficiency of the evidence supporting his conviction.

[2] We affirm the conviction and remand for correction of the sentencing order.

# Facts and Procedural History

[3] Around 9:30 p.m. on September 29, 2015, Eckrich was using a library computer at Indiana State University. Later that night, a library patron saw Eckrich viewing child pornography on the computer. The patron took photos of Eckrich and alerted staff. Someone contacted the police.

[4] Officer Michael Eldred ("Officer Eldred") of the Indiana State University Police responded to the library around 12:37 a.m. Officer Eldred approached Eckrich, and could see that Eckrich was viewing child pornography. When Eckrich saw Officer Eldred, Eckrich immediately turned off the computer. Eckrich was warned that he was trespassing, and the police later returned to collect the

---

[1] Ind. Code § 35-42-4-4(c). We refer throughout to the substantive provisions of the Indiana Code in effect at the time of Eckrich's offense.

[2] I.C. § 35-50-2-14.

computer. A forensic examination of the computer confirmed that Eckrich had accessed child pornography websites.

[5] On November 24, 2015, the State charged Eckrich with one count of Possession of Child Pornography. The State also filed an enhancement, alleging that Eckrich was a repeat sexual offender. A bench trial was conducted on July 29, 2016, and Eckrich stipulated to certain facts. The trial court took the matter under advisement and later found Eckrich guilty as charged.

[6] A sentencing hearing was held on September 12, 2016. The trial court sentenced Eckrich to one year for Possession of Child Pornography and enhanced the sentence by one year, purportedly imposing the enhancement as a consecutive sentence to that of Possession of Child Pornography.

[7] Eckrich now appeals.[3]

# Discussion and Decision

[8] When reviewing the sufficiency of the evidence to support a conviction, we neither reweigh the evidence nor assess witness credibility. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from that evidence. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). We must affirm the

---

[3] Subsequent to filing his appeal, Eckrich filed a motion requesting that this Court accept his supplemental appendix. We hereby grant this motion.

conviction if there is "substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015).

[9] To convict Eckrich of possession of child pornography, the State had to prove that Eckrich "knowingly or intentionally possess[ed] . . . any pictorial representation" of child pornography. I.C. § 35-42-4-4(c). In challenging the sufficiency of the evidence, Eckrich does not dispute that he intentionally accessed and viewed websites that contained child pornography. Rather, Eckrich argues that his actions did not amount to possession under Indiana law.

[10] To prove that a defendant possessed an item, the State may prove either actual possession or constructive possession. *Sargent v. State*, 27 N.E.3d 729, 733 (Ind. 2015). Actual possession occurs when a person has direct physical control over an item. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). Constructive possession occurs when a "person has (1) the capability to maintain dominion and control over the item; and (2) the intent to maintain dominion and control over it." *Id.*

[11] Eckrich focuses his argument on a computer caching process that automatically stored images from websites he visited. Those images were retrieved during the forensic analysis of the computer. Eckrich argues that there was no evidence that he knew of the caching process or that he controlled any of the images stored through that process. Here, however, no such evidence was necessary.

Rather, the stipulated evidence indicates that Eckrich intentionally pointed a web browser to certain websites containing images of child pornography, and intentionally viewed the pornographic images therein. In doing so, Eckrich controlled when images of child pornography would appear on the computer screen, and for how long. Moreover, while an image was on the screen, Eckrich "was free to use the image as he desired." (Appellee's Br. at 11.) These actions constitute sufficient control over the pornographic images such that Eckrich possessed them under Indiana law. Thus, the evidence is sufficient to support Eckrich's conviction.

[12] Finally, the State directs us to a brief sentencing matter. That is, in sentencing Eckrich, the trial court purportedly ordered that Eckrich serve consecutive sentences for the possession conviction and the repeat sexual offender finding. However, a repeat sexual offender finding does not itself generate a separate conviction for which a defendant can be separately sentenced, rather it allows the trial court to impose an enhanced sentence on a proper conviction. *See, e.g.,* *Young v. State*, 57 N.E.3d 857, 860-61 (Ind. Ct. App. 2016), *trans. denied.* The instant sentencing order is therefore inaccurate. Accordingly, on remand, the trial court should amend its sentencing order to reflect that Eckrich's possession sentence is enhanced by one year, with no separate consecutive sentence.

# Conclusion

[13] The evidence was sufficient to support Eckrich's conviction of possession of child pornography, but the sentencing order inaccurately characterized the repeat sexual offender enhancement as a separate consecutive sentence.

[14] Affirmed and remanded.

Vaidik, C.J., and Robb, J., concur.