

FILED

Dec 23 2020, 8:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
Whitehurst & Myers Law
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Arthur Cutshall II, | December 23, 2020 |
| *Appellant-Defendant,* | Court of Appeals Case No. 20A-CR-838 |
| v. | Appeal from the Huntington Circuit Court |
| State of Indiana, | The Honorable Davin G. Smith, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 35C01-1905-F1-115 |

**Pyle, Judge.**

# Statement of the Case

Robert Cutshall II ("Cutshall") appeals his conviction, following a jury trial, for possession of child pornography.[1] Cutshall argues that there was insufficient evidence to support his conviction and that the possession of child pornography statute is unconstitutionally vague. Concluding that the evidence is sufficient and that Cutshall waived his constitutional argument by failing to raise it to the trial court, we affirm Cutshall's conviction.

We affirm.

# Issues

1. Whether the evidence is sufficient to support Cutshall's conviction.

2. Whether the possession of child pornography statute is unconstitutionally vague.

# Facts

In 2019, Cutshall, who was fifty-nine years old, and his wife, Michelle Cutshall ("Michelle") had three adult daughters and one teenaged daughter. The youngest daughter, fourteen-year-old V.C. ("V.C.") lived with her parents. Cutshall and Michelle also had four grandchildren, including three-year-old Z.S., living with them at that time.

---

[1] IND. CODE § 35-42-4-4(d).

[4] In February 2019, Cutshall broke his cellphone and then used Michelle's old cellphone, which was an LG phone ("the LG phone"). The LG phone was not connected to a cellular data service, so when Cutshall wanted to have internet access on the LG phone, he would use the Wi-Fi hotspot from Michelle's cellphone.

[5] On April 26, 2019, around 6:00 p.m., Michelle and two of her adult daughters went to a concert, leaving Cutshall at home with V.C. and the four grandchildren. Michelle left her cellphone at home so that Cutshall could use the Wi-Fi hotspot from her cellphone. When Michelle and her daughters returned around 11:30 p.m., V.C. told Michelle that she had seen Cutshall engaging in inappropriate behavior with Z.S. while they were at the concert. Specifically, V.C. told her mother that she had seen Z.S. sucking Cutshall's penis and Cutshall having sex with Z.S. Michelle reported the allegations to the police. V.C. was interviewed at a child advocacy center, and a nurse examined Z.S. at the hospital and administered a sexual assault kit. Z.S. was not interviewed because she had delayed verbal skills. After Cutshall's arrest, the police searched the LG phone and discovered digital images involving "prepubescent" females engaged in sexual intercourse and oral sex. (Tr. Vol. 3 at 196, 197).

[6] The State charged Cutshall with Count 1, Level 1 felony child molesting (alleging sexual intercourse); Count 2, Level 1 felony child molesting (alleging other sexual conduct); and Count 3, Level 6 felony possession of child pornography (alleging possession of a digital image).

[7]     The trial court held a two-day jury trial in March 2020. Cutshall did not challenge the constitutionality of the possession of child pornography statute at any time prior to or during the trial. His theory of defense for the possession of child pornography charge was that the State could not prove that he had knowingly possessed the images.

[8]     During the trial, the State offered State's Exhibits 65 and 66, the photographs of "prepubescent" females that had been found on the LG phone. (Tr. Vol. 3 at 196, 197). Specifically, Exhibit 65 depicted a "prepubescent" female, with no pubic hair, being vaginally penetrated by a male penis. (Tr. Vol. 3 at 196). Exhibit 66 depicted two "prepubescent" females, one of whom was nude from the waist down and had no pubic hair and did not have developed breasts, performing oral sex on erect male penises.[2] (Tr. Vol. 3 at 197). A forensic analysis detective testified that the metadata associated with Exhibit 66 revealed that the photograph had been downloaded to the LG phone from the Pornhub website on March 1, 2019. Exhibit 65 did not have any metadata associated with it that would reveal when it had been downloaded to the phone. At the time of the forensic search, the photographs were not in the LG phone's current photo gallery; they had been deleted at some point in time but were still on the phone. The LG phone also had more than 9,200 photographs that had been

---

[2] Exhibit 66 contained a collage of four photographs, two of which depicted the prepubescent females engaged in oral sex.

deleted from it, which the detective testified was "[v]ery unusual[.]" (Tr. Vol. 3 at 198).

[9] The forensic analysis also showed that Cutshall had first used the LG phone to login to his Facebook account on February 18, 2019 and that Cutshall's Facebook account was the active user on the date of the alleged events on April 26, 2019. The detective testified that the analysis of the LG phone revealed that it had been used on April 26, 2019 between 6:22 p.m. and 7:05 p.m. to view thirty "pornographic" websites, including Pornhub. (Tr. Vol. 3 at 198). The State also introduced evidence to show that Cutshall had used the LG phone at 7:07 p.m. to send a Facebook Messenger message to V.C.

[10] Additionally, the detective explained that the forensic search of the LG phone showed that there were three named accounts associated with the LG phone: (1) the Facebook account for Cutshall; (2) a Facebook account for Michelle, which had last been accessed on April 23, 2019; and (3) a Gmail account for Jimmy White ("the Gmail account") that had been accessed once on January 10, 2019. Michelle testified that she used the Gmail account, which belonged to her boyfriend's father, so she could login to Netflix on the LG phone in January. Michelle testified that in February 2019 Cutshall had started using the LG phone as his own after he broke his prior cellphone. Michelle also testified that she had not been aware of and had never seen the child pornography photographs on the LG phone prior to the discovery of the images during the forensic analysis.

[11] After the State rested its case, Cutshall moved for a directed verdict on the possession of child pornography charge. He argued that the State had failed to prove beyond a reasonable doubt that Cutshall had knowingly possessed the child pornography images. The trial court denied Cutshall's motion.

[12] Cutshall testified on his own behalf. He denied that he had had sexual intercourse or had engaged in oral sex with Z.S. Additionally, Cutshall testified that he had never downloaded child pornography images onto the LG phone and that he had no knowledge of the images at issue. Cutshall also denied that he had used the LG phone to view any pornography websites on April 26, 2019 when Michelle was at the concert.

[13] During closing arguments, the State argued, in relevant part, that Cutshall was guilty of possession of child pornography because the evidence showed that he had actual or constructive possession of the images on the LG phone. The State pointed to the evidence that Cutshall had started using the LG phone in February 2019 and that the photograph that depicted "females [who] appeared less than 18 years of age performing oral sex on adult males" had been downloaded onto the LG phone from Pornhub shortly thereafter on March 1, 2019. Additionally, the State noted that Cutshall had used the LG phone after Michelle had left for the concert, during which time he had used the phone to view pornography websites, including Pornhub. (Tr. Vol. 4 at 64).

[14] During Cutshall's closing argument, his counsel argued that the State had failed to meet its burden of showing that he had possessed the child pornography on

the LG phone. Cutshall did not challenge whether the images at issue constituted child pornography nor did he make any argument regarding the age of the females depicted in the images. Cutshall's counsel argued that there was no evidence showing that Cutshall had downloaded the two photos or had viewed them. Cutshall's counsel also argued that the fact that the LG phone had been used to view pornography on April 26 was not relevant because there was "no evidence presented that any of it was child pornography" and that it was presumably adult pornography. (Tr. Vol. 4 at 77).

[15] The jury found Cutshall guilty of the possession of child pornography charge and not guilty of the child molesting charge in Count 2. The jury could not reach a verdict on child molesting charge in Count 1, resulting in the trial court declaring a mistrial on that charge. The trial court imposed a two and one-half (2½) year sentence, with 180 days suspended to probation and the remaining time to be served in the county jail. Cutshall now appeals.

# Decision

[16] Cutshall argues that: (1) there was insufficient evidence to support his conviction for possession of child pornography; and (2) the possession of child pornography statute is unconstitutionally vague. We will review each argument in turn.

## 1. Sufficiency of Evidence

[17] Cutshall argues that the evidence was insufficient to support his conviction for possession of child pornography.

When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder would find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted) (emphasis in original). Additionally, our Indiana Supreme Court has explained that "when determining whether the elements of an offense are proven beyond a reasonable doubt, a fact-finder may consider both the evidence *and the resulting reasonable inferences*." *Thang v. State*, 10 N.E.3d 1256, 1260 (Ind. 2014) (emphasis in original).

[18] The possession of child pornography statute under which Cutshall was charged, INDIANA CODE § 35-42-4-4(d), provides:

> A person who knowingly or intentionally possesses or accesses with intent to view:
>
> > (1) a picture;
> >
> > (2) a drawing;
> >
> > (3) a photograph;

(4) a negative image;

(5) undeveloped film;

(6) a motion picture;

(7) a videotape;

(8) a digitized image; or

(9) any pictorial representation;

that depicts or describes sexual conduct by a child who the person knows is less than eighteen (18) years of age or who appears to be less than eighteen (18) years of age, and that lacks serious literary, artistic, political, or scientific value commits possession of child pornography, a Level 6 felony.

I.C. § 35-42-4-4(d). To convict Cutshall as charged, the State had the burden to prove beyond a reasonable doubt that Cutshall "knowingly possessed a digital picture that depicted or described sexual conduct by a child, when [Cutshall] knew the child was less than eighteen (18) years of age, or who appeared to be less than eighteen (18) years of age, and the picture lacked serious literary, artistic, political or scientific value." (App. Vol. 2 at 36).

[19] Cutshall focuses on the possession element and contends that the State failed to prove that he knowingly possessed the digital images on the LG phone. Cutshall argues that the evidence was insufficient because the State failed to show that Cutshall had ever viewed the child pornography images on the LG phone or that he knew of them. He asserts the LG phone had been used to access other people's accounts, such as Michelle's accounts, and he suggests that the images could have been attributed to her.

[20] "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b). "To prove that a defendant possessed an item, the State may prove either actual possession or constructive possession." *Eckrich v. State*, 73 N.E.3d 744, 746 (Ind. Ct. App. 2017), *trans. denied*. "Actual possession occurs when a person has direct physical control over an item." *Id.* "Constructive possession occurs when a person has[:] (1) the capability to maintain dominion and control over the item; and (2) the intent to maintain dominion and control over it." *Id.* (internal quotation marks omitted). "[A] conviction for a possessory offense does not depend on catching a defendant red-handed." *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011).

[21] Here, the State presented circumstantial evidence to prove that Cutshall knowingly possessed the child pornography digital images on the LG phone. "The Indiana Supreme Court has held that '[a] verdict may be sustained based on circumstantial evidence alone if that circumstantial evidence supports a reasonable inference of guilt.'" *Koetter v. State*, -- N.E.3d --, 2020 WL 6789364 at *3 (Ind. Ct. App. Nov. 19, 2020) (quoting *Maul v. State*, 731 N.E.2d 438, 439 (Ind. 2000)).

[22] The evidence presented during the jury trial established that the LG phone contained two digital images of child pornography. The forensic analysis of the LG phone did not reveal who had downloaded the digital images, but the metadata on one of the images—the oral sex image in Exhibit 66—revealed that it had been downloaded to the LG phone from Pornhub on March 1, 2019.

Michelle testified that in February 2019 Cutshall had started using the LG phone as his own after he broke his previous cellphone. The forensic analysis of the LG phone revealed that Cutshall had first used the LG phone to log into his Facebook account on February 18, 2019. Two weeks later, on March 1, 2019, the oral sex digital image was downloaded to the phone from Pornhub. Additionally, the State presented evidence that, after Michelle had left for the concert around 6:00 p.m. on April 26, 2019, the LG phone had been used between 6:22 p.m. and 7:05 p.m. to view thirty "pornographic" websites, including Pornhub. (Tr. Vol. 3 at 198). A few minutes later, at 7:07 p.m., Cutshall used the LG phone to send a Facebook Messenger message to V.C. Michelle and Cutshall, who were the relevant users of the LG phone, both testified that they had not been aware of the child pornography photographs on the LG phone. Cutshall's counsel also argued this to the jury, who judged the witnesses' credibility, weighed the evidence, and found Cutshall guilty of possession of child pornography. Because the jury, as finder of fact, could have reasonably determined that Cutshall knowingly possessed the digital images on the LG phone, we affirm Cutshall's conviction for possession of child pornography. *See, e.g.*, *Koetter*, -- N.E.3d --, 2020 WL 6789364 at *3 (concluding that the circumstantial evidence was sufficient to support the defendant's possession of child pornography conviction). *See also Logan v. State*, 836 N.E.2d 467, 473 (Ind. Ct. App. 2005) (explaining that "the discovery of images on a computer hard-drive is circumstantial evidence that one did 'possess' the images"), *trans. denied*.

[23]     We also reject Cutshall's suggestion that there was insufficient evidence that the girls in the digital images appeared to be less than eighteen years old. The detective who conducted the forensic analysis testified that the girls in the images were "prepubescent" females. (Tr. Vol. 3 at 196, 197). Additionally, "an assessment as to the girl's age is not only a matter of common sense but also the trier of fact may take into account her overall appearance, including the developmental stage of the girl based upon her breasts, body hair, and other anatomical features." *Bone v. State*, 771 N.E.2d 710, 717 (Ind. Ct. App. 2002). The images that the State alleged to be child pornography depicting a child under the age of eighteen were admitted and published to the jury. Specifically, Exhibit 65 depicted a "prepubescent" female, with no pubic hair, being vaginally penetrated by a male penis. (Tr. Vol. 3 at 196). Exhibit 66 depicted two "prepubescent" females, one of whom was nude from the waist down and had no pubic hair and did not have developed breasts, performing oral sex on erect male penises. (Tr. Vol. 3 at 197). Based on the record before us, we conclude that a reasonable fact-finder could have found beyond a reasonable doubt that at least one child was under the age of eighteen. *See id.* (affirming the defendant's possession of child pornography conviction where a reasonable fact-finder could have found beyond a reasonable doubt that at least one child was under the age of sixteen).

## 2. Constitutionality of the Statute

[24]     Cutshall also challenges his conviction by arguing that INDIANA CODE § 35-42-4-4(d), the possession of child pornography statute under which he was

convicted, is "unconstitutionally vague and void when applied to him." (Cutshall's Br. 15). Specifically, he asserts that "[t]he focus of this argument is that there was no proof that the photos alleged to have been 'child pornography' in this case were actually of someone under the age of 18, only that they '<u>appeared</u>' to be photos of someone under the age of 18." (Cutshall's Br. 15). He contends "[t]his is an arbitrary and vague element of the offense." (Cutshall's Br. 15).

[25] Cutshall, however, has waived any constitutional challenge to INDIANA CODE § 35-42-4-4(d). "Generally, a challenge to the constitutionality of a criminal statute must be raised by a motion to dismiss prior to trial, and the failure to do so waives the issue on appeal." *Adams v. State*, 804 N.E.2d 1169, 1172 (Ind. Ct. App. 2004). *See also* I.C. §§ 35-34-1-4, 35-34-1-6. Cutshall failed to file a motion to dismiss the charging information prior to trial. Nor did Cutshall object to the constitutionality of the statute at trial. Accordingly, he has waived appellate review of the argument.

[26] Waiver notwithstanding, we will review Cutshall's argument. *See McBride v. State*, 94 N.E.3d 703, 709-10 (Ind. Ct. App. 2018) (listing cases from the Indiana Supreme Court and our Court in which constitutional challenges to a statute were addressed despite the failure to file a motion to dismiss). Although we will address Cutshall's argument, we note that our decision to do so does not equate to an endorsement of a defendant's failure to file a motion to dismiss when he has a constitutional challenge to a statute. Indeed, we echo the prudent warning set forth by our Court in *Tooley v. State*: "We caution that our

decision to reach the merits is not an invitation to neglect to file a motion to dismiss and then argue for the first time on appeal that the statute is unconstitutional." *Tooley v. State*, 911 N.E.2d 721, 723 n.3 (Ind. Ct. App. 2009), *trans. denied*.

[27] The constitutionality of statutes is reviewed *de novo*. *Conley v. State*, 972 N.E.2d 864, 877 (Ind. 2012), *reh'g denied*. "Such review is 'highly restrained' and 'very deferential,' beginning 'with [a] presumption of constitutional validity, and therefore the party challenging the statute labors under a heavy burden to show that the statute is unconstitutional.'" *Id.* (quoting *State v. Moss-Dwyer*, 686 N.E.2d 109, 110 (Ind. 1997)). "[I]f a statute has two reasonable interpretations, one constitutional and the other not, we will choose the interpretation that will uphold the constitutionality of the statute." *Morgan v. State*, 22 N.E.3d 570, 573-74 (Ind. 2014) (internal quotation marks and citations omitted).

[28] "A criminal statute can be found unconstitutionally vague: (1) for failing to provide notice enabling ordinary people to understand the conduct that it prohibits[;] or (2) for the possibility that it authorizes or encourages arbitrary or discriminatory enforcement." *Id.* at 573 (internal quotation marks and citations omitted). A statute, however, "need only inform the individual of the generally proscribed conduct; it need not list with exactitude each item of prohibited conduct." *Baumgartner v. State*, 891 N.E.2d 1131, 1136 (Ind. Ct. App. 2008). "No statute need avoid all vagueness, and because statutes are condemned to the use of words, there will always be uncertainties for we cannot expect

mathematical certainty from our language." *Logan*, 836 N.E.2d at 473 (cleaned up). "A statute will not be held to be unconstitutionally vague if individuals of ordinary intelligence would comprehend it adequately to inform them of the proscribed conduct." *Baumgartner*, 891 N.E.2d at 1136. "[A] statute is void for vagueness only if it is vague as applied to the precise circumstances of the present case." *Id.* Additionally, a "defendant is not at liberty to devise hypothetical situations which might demonstrate vagueness." *Id.*

[29] Cutshall generally argues that the use of the word "appears" in the possession of child pornography statute renders the statute vague and "cannot provide a basis for his conviction in this case." (Cutshall's Br. 19). Cutshall does not argue that he does not understand the meaning of the word "appears" as used in the statutory phrase "appears to be less than eighteen (18) years of age[.]" *See* I.C. § 35-42-4-4(d). Rather, to support his vagueness argument, he sets forth multiple hypotheticals. For example, he asserts that "it is possible to envision" that possession of child pornography charges could occur if two adults over the age of eighteen, one of whom could have "take[] efforts to 'appear' younger," engaged in a sexual act and saved it to their phone. (Cutshall's Br. 17).

[30] Cutshall, however, "is not at liberty to devise hypothetical situations which might demonstrate vagueness." *Baumgartner*, 891 N.E.2d at 1136. *See also New York v. Ferber*, 458 U.S. 747, 767 (1982) ("The traditional rule is that a person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the Court."). Instead, we focus on the precise

circumstances of the present case and whether a person of ordinary intelligence would comprehend the possession of child pornography statute to adequately inform him that knowingly possessing a digital image that depicts sexual conduct by a child who appears to be less than eighteen (18) years of age was included in the proscribed conduct.

Given the precise circumstances of this case, a person of ordinary intelligence would, from the phrase "appears to be less than eighteen years of age" as used in the possession of child pornography statute, know that having digital images of prepubescent females engaged in sexual intercourse and oral sex was included in the proscribed conduct of possessing a digital image that depicts sexual conduct by a child who appears to be less than eighteen (18) years of age. Accordingly, Cutshall has failed to meet his burden of showing that the statute is unconstitutionally vague. *See also Yoakum v. State*, 95 N.E.3d 169, 173 (Ind. Ct. App. 2018) (holding that a defendant failed to meet his burden of showing that a synthetic drug statute was unconstitutionally vague where he did not challenge the issue at trial and instead only challenged the possession element), *trans. denied*.

Affirmed.

Kirsch, J., and Tavitas, J., concur.